IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

ADAM KAPLAN

                      Movant

v.

UNITED STATES SECURITIES AND EXCHANGE COMMISSION

                      Respondent

---

      I, Adam Kaplan, am a former customer of Bank of America, N.A., c/o Christina Iv, Legal Order and Case Resolution, DE5-024-02-08, 800 Somerset Drive, Newark, DE 19713 and I am the customer whose records are being requested by the United States Securities and Exchange Commission (the "Commission").

      The financial records sought by the Commission are not relevant to the legitimate law enforcement inquiry stated in the Customer Notice that was sent to me because the subpoena is patently overbroad and a misuse of judicial process. The subpoena does not seek the financial information of IHT Wealth Management, LLC ("IHT") but seeks my personal financial information because of a perceived relationship I have with IHT. The subpoena seeks personal, confidential, and proprietary information that is not the prerogative of the Commission to obtain.

      My relationship with IHT was that I was an independent investment adviser representative of IHT. I was not an employee of IHT. I was an independent contractor for IHT. I was not an investment adviser to IHT; I did not personally manage any assets of IHT; and I did not have any access to IHT's accounts. I simply served as an independent investment adviser representative.

      Further, the subpoena is grossly broad because the information sought is not limited to the financial transactions between myself and IHT, however, the subpoena demands disclosure of information including but not limited to "all account transaction data"; "all account opening and authority information"; "all monthly account statements"; "all supporting documents for all account transactions, including, but not limited to canceled checks (front and back), deposit slips and copies of the deposit items listed on the deposit slips, debit and credit notices, drafts of all manner, cashier's checks.."; "all Documents sufficient to identify all extensions of credit information including, but not limited to, the following: promissory notes; loan applications or agreements (including bank card and overdraft applications or agreements); guarantees; letters of

credit; financial statements; security agreements; and collateral pledges"; "all Documents sufficient to identify safety deposit boxes"; "all Documents and Communications (including emails) between bank personnel and the account holder(s) or signatories"; "all Documents sufficient to show online access to the accounts identified above including date, time, session length, transactions occurring during online session, and the ISP address used to access the account for each session".

Even though I had a relationship with IHT, that relationship, without more, cannot support disclosure of the magnitude sought at this juncture in the subpoena. The Commission offers no evidence of a connection between the assets of IHT and my assets, which the Commission seeks.

Importantly, the Commission has already received discovery, of IHT's financial records. If, hypothetically, the Commission's discovery into IHT's financial or other documents uncovers any credible evidence of fraudulent transfers involving myself, individually, the Commission may be able to justify discovery at that time. Presently, however, the Commission has no justification for obtaining my financial records, or for invading the privacy of my bank records.

Moreover, the Commission failed to give the required notice under the Right to Financial Privacy Act of 1978.

I respectfully request the Court to enter an order quashing the subpoena to the extent that they purport to require production of any documents that do not relate to IHT itself and/or enter an order quashing the subpoena to the extent that they purport to require production of any documents referring or relating to myself.

I declare under penalty of perjury that this statement foregoing is true, and correct.

Dated: December 21, 2022

_____
Adam Kaplan

Sworn to me before this
21st day of December 2022

_____
Notary Public

VINCENT J. ANCONA
Notary Public, State of New York
No. 02AN6128378
Qualified in Nassau County
Commission Expires 06/13/2025